# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| JOSE ROBERTO LOPEZ | PLAINTIFF |
| VS. | CIVIL ACTION NO. 5:08cv171-DCB-MTP |
| CONSTANCE REESE, ET AL. | DEFENDANTS |

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to prosecute. Having reviewed the record in this matter, the undersigned recommends that this case be dismissed without prejudice.

## Procedural History

On or about March 26, 2008, Plaintiff Jose Roberto Lopez filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. Plaintiff is not proceeding *in forma pauperis* and, as such, it is his obligation to serve process on the Defendants. *See* Order [9]; Docket Entry dated 6/5/08.

On June 11, 2008, the Clerk of Court sent a Memorandum [12] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms, provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

On June 23, 2008, the Clerk issued the summonses prepared by Plaintiff for Constance Reese, Russell Perdue, Roy C. Cheatham, Unknown Castelli, Debra Dawson, and Darryl Hooks. *See* Docket Entry [13]. However, Plaintiff failed to serve Defendants with process by October 4,

2008, the 120-day deadline for service of process.[1]

On October 15, 2008, the court entered an Order to Show Cause [18], directing the Plaintiff to file a written statement setting forth why his case should not be dismissed for his failure to timely serve process and file a proof of service in accordance with Rule 4. Alternatively, the court ordered the Plaintiff to serve the Defendants with the summons and compliant and to file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l) by October 20, 2008.

In its Order [18], the court again advised Plaintiff that because he is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist him with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Plaintiff was again warned that his failure to properly serve defendants in accordance with Rule 4 could result in the dismissal of this action.

On October 17, 2008, Plaintiff's filed his Response [25] to the court's Order to Show Cause [18]. In his Response [25], Plaintiff claimed he was placed in a special housing unit at the end of July 2008 and his legal property was taken from him, and was not returned to him until September 24, 2008.

Plaintiff filed a Notice of Lawsuit and Request for Waiver of Service for Defendants Roy

---

[1]Although Plaintiff's Complaint was filed on March 26, 2008, his Motions for Leave to Proceed In Forma Pauperis [2][8] were denied on May 14, 2008, and Plaintiff did not pay his filing fee until June 5, 2008. Weighing all doubts in Plaintiff's favor, the 120-day time limitation began to run on June 5, 2008, the date his filing fee was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

Cheatham, Darryl Hooks, Constance Reese, Unknown Castellie, Debra Dawson, and Russell Perdue on October 17, 2008. *See* Notices [19][20][21][22][23][24].[2] Because it appeared that Plaintiff was making a good faith attempt to complete service of process on Defendants, the court granted him another extension of time to complete service. *See* Order [26]. Specifically, the court ordered Plaintiff to file the signed waivers of service of summons for the Defendants in accordance with Rule 4(d)(4) on or before December 1, 2008; or if the Defendants chose not to sign the waivers and return them to Plaintiff within 30 days of receipt, the court ordered Plaintiff to serve the Defendants with the summons and compliant by other means permitted under Rule 4, and to file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l) on or before December 1, 2008. *See* Order [26].

Plaintiff was again advised that he is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure, and that his failure to properly serve process in accordance with Rule 4 could result in the dismissal of the unserved Defendants and/or the entire case. *See* Order [26].

Despite the court's gratuitous extensions of time, Plaintiff failed to file the signed waivers of service of summons for the Defendants in accordance with Rule 4(d)(4) by December 1, 2008, and failed to file proof of service of the summons and complaint pursuant to Rule 4(l) by December 1, 2008. Moreover, Plaintiff has failed to demonstrate good cause for his failure to serve process.

Thus, over eight months after this case was filed, Plaintiff has not properly served Defendants with process and has not demonstrated good cause to justify further delay. Accordingly, the undersigned recommends that his matter be dismissed without prejudice.

---

[2]Because it was unclear whether Plaintiff mailed, or otherwise served, the notices to Defendants, the court advised Plaintiff that he must comply with the requirements of Rule 4(d) of the Federal Rules of Civil Procedure in order to properly complete service of process on Defendants by waiver of service, and that service is only proper by this method if the Defendants chose to sign and return the waivers.

3

**Legal Analysis**

Pursuant to Federal Rule of Civil Procedure 41(b),[3] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . ." Fed. R. Civ P. 4(m).[4] As Plaintiff has failed to serve process in compliance with the Rule despite several notices by the court that such failure may result in a dismissal, and has failed to demonstrate good cause to justify further delay,[5] dismissal is appropriate under Federal Rule of Civil Procedure 4(m). *See*

---

[3]"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ."

[4]The Rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner. The court has already granted Plaintiff two extensions, and Plaintiff has offered no showing of good cause to warrant a further extension.

[5]The Fifth Circuit has held that a *pro se* litigant's ignorance of the rules does not constitute good cause to justify his failure to serve process within 120 days. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Understandably, Plaintiff has not asserted ignorance, or any cause for that matter, as an excuse for his failure; to do so would be disingenuous given the instructions provided by the court and the clerk. *See* Memorandum [12];

*Hearron v. Nichols*, No. 5:03cv259-DMR-JCS, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006) (Report and Recommendation, adopted by Order [51] dated June 27, 2006).

## Recommendation

As the Plaintiff has failed to serve process or to otherwise prosecute this case, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4(m) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 4th day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

Orders [18] [26].