# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOSE ROBERTO LOPEZ**                                                                    **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 5:08cv171-DCB-MTP**

**CONSTANCE REESE, ET AL.**                                                              **DEFENDANTS**

## ORDER

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration [33]. The court, having considered the motion and the applicable law, finds that the Motion [33] should be DENIED.

Plaintiff filed his Motion for Reconsideration [33] on or about December 12, 2008, asking the court to reconsider its Report and Recommendation [28] recommending that this cause be dismissed without prejudice for Plaintiff's failure to properly serve process. Plaintiff claims he did comply with the court's order [26] regarding service of process since he delivered waivers of service of process to Defendants via certified mail on November 12, 2008.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL

---

[1] Rule 59(e) is not technically applicable to Plaintiff's Motion [33] since the Report and Recommendation [28] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

None of the three permissible grounds are present here. Plaintiff has cited to no change in controlling law, no new evidence not previously available, and no clear error of law. Plaintiff claims he complied with the court's Order [26] by mailing the Requests for Waiver of Service to Defendants via certified mail. However, the court specifically advised Plaintiff in its Order [26] that he must comply with the requirements of Rule 4(d) of the Federal Rules of Civil Procedure in order to properly complete service of process on Defendants by waiver of service, and that

service is only proper by this method if the Defendants chose to sign and return the waivers and Plaintiff filed the signed waivers.

Further, the denial of Plaintiff's motion to reconsider does not result in "manifest injustice." Plaintiff was granted two extensions of time to properly serve Defendants with process and was provided specific instructions on how to do so. The undersigned recommended the dismissal of this action without prejudice, so Plaintiff may re-file this action if he so chooses. While the court appreciates the Plaintiff's efforts, this action has been pending for almost nine months, and the Defendants have not been served with process. This type of inaction only delays the disposition of pending cases. Accordingly, Plaintiff's motion must be denied. *See W.C. Bulley*, 2000 WL 1349184, at *2-3 (holding that the plaintiff's motion to reconsider the court's order denying his motion to amend should not have been granted, where none of the three permissible grounds for granting the motion to reconsider were present and the plaintiff was merely re-arguing the merits of his original motion to amend).

Plaintiff is again reminded that the court's Report and Recommendation [28] is not a final judgment and must be considered by the District Judge. *See* Fed. R. Civ. P. 72(b); Local Rule 72.1(C). In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of a report and recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to file written objections to the proposed findings, conclusions, and recommendations contained within a report and recommendation within ten

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [33] is DENIED.

SO ORDERED this the 22nd day of December, 2008.

s/ Michael T. Parker  
United States Magistrate Judge